UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.  07-21136-CIV  COOKE/BROWN

CONSTRUCTION SERVICES, INC.,

    *Plaintiff*,

v.

HYDROXYL SYSTEM, INC.,

    *Defendant.*

                                                            /

## ORDER STAYING AND ADMINISTRATIVELY CLOSING CASE

**THIS CAUSE** is before the Court upon the Defendant's Motion to Dismiss or Alternatively Stay the Case [DE 9] pending the outcome of a similar suit filed in Canada.  The Plaintiff's response was due June 18, 2007.  Instead of responding to the Motion, though, the Plaintiff decided to file an Amended Complaint out of time without moving this Court as required by Fed. R. Civ. P. 15(a).  Therefore, under S.D. Fla. L.R. 7.1(C), the Court could grant the Defendant's Motion by default, and dismiss this case.  However, the Court has chosen to take a more reasoned approach and has considered the Defendant's arguments on the merits.  After a careful consideration, the Court finds that this case should be stayed given the current state of affairs.

       The Plaintiff filed this suit on April 30, 2007 alleging breach of contract against the Defendant.  But months before, the Defendant in this action had sued—in Canadian Federal Court—the Plaintiff in this action for breach of the same contract arising from the same nexus events.  *See Hydroxyl Systems, Inc. v. Construction Services, Inc*., Case No. T-288-07, filed February 12, 2007 ("Canadian Action").  So what has happened here is that the Plaintiff in this

action, in lieu of filing a counter-claim in the earlier-filed Canadian suit, went shopping for a forum and chose this esteemed Court to litigate matters undeniably relevant to a case already pending in our sister common law jurisdiction, Canada.  While this Court feels honored at being hand-picked by the Defendant in the Canadian action, the Court must exercise prudence in this matter as it involves international relations and notions of comity with our neighboring country, where a similar action was filed first—an action that involves the same parties, an identical transactional nexus, and issues that are inextricably intertwined.  *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1223 -1224 (11th Cir.)*; see also Caspian Investments, Ltd. v. Vicom Holdings*, Ltd., 770 F.Supp. 880, 883 -884 (S.D.N.Y. 1991).

A dismissal or stay in this action is proper for several reasons.  For one, this Court has no reason to believe that the Canadian Court will not be fair to both parties.  *See Posner*, 178 F.3d at 1223.  Secondly, the potential for conflicting decisions in light of international comity counsels that this case be dismissed or, at least, stayed pending resolution of the earlier-filed Canadian suit.  *See id.; see also Ensign-Bickford Co. v. ICI Explosives USA, Inc.*, 817 F. Supp. 1018, 1032 (D. Conn. 1993).  Finally, the concept of judicial economy informs that it would be wasteful and unnecessary to duplicate the efforts that have been and are to be undertaken in the Canadian suit. *See Posner*, 178 F.3d at 1224.  The Court therefore

**ORDERS and ADJUDGES** as follows:

1. The Defendant's Motion to Stay [DE 9] is **GRANTED**, and accordingly, the instant case is **STAYED** pending the outcome of the referenced Canadian action.

2. The Parties are **ORDERED** to file joint status reports every thirty days from the date of this Order.

3. The Amended Complaint [DE 10] is **STRICKEN** from the record for not being

filed in conformity with Fed. R. Civ. P. 15(a).

4. The Clerk shall **administratively CLOSE** this Case *without prejudice* for statistical purposes only.  All pending motion not otherwise ruled upon are **DENIED** *as moot*.

**DONE and ORDERED** in Chambers at Miami, FL this 27th day of June, 2007.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*The Hon. Stephen T. Brown*
*Counsel of record*